

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

> Opinion No. O-2051
> Re: Authority of Comptroller of
> Public Accounts to authorize
> and permit the Tax Assessor-
> Collector of Lamar County to
> make a refund of State ad
> valorem taxes mistakenly but
> voluntarily paid by the Ideal
> Baking Company.

Under date of March 6, 1940, you submit for the opinion of this department the following question, which we quote from your letter:

> "At the request of Royce Whitten, Tax Assessor-collector of Lamar County, we are enclosing a letter addressed to us by Mr. Whitten, also a statement made by him with reference to an error in collecting taxes due for the year 1939 by the Ideal Baking Company of Paris, Texas. We are also enclosing copies of letters that we have written to Mr. Whitten with reference to the matter.
>
> "Please advise us whether or not this department has the authority to permit the Tax Assessor-collector to make a refund of the taxes that have been paid in error by the Ideal Baking Company."

From the attached correspondence referred to in your letter, we quote the following factual situation:

Honorable George H. Sheppard, Page 2

"On March 24, 1939, Mr. Roy R. Vanderpool, owner of the Ideal Baking Company of Paris, Texas, rendered the trucks and equipment of the bakery. The trucks were rendered at a value of $1000.00 and the equipment at a value of $3300.00. These values were viewed and approved by the Commissioner's Court while sitting as a board of equalization.

"The rendition sheet was totalled but in totalling the sheet and error was made by one of the deputies of the Tax Assessor-Collector's office. The total taxable valuation should have been $4300.00 and the total was erroronous-ly shown as $6300.00, an excess value of $2000.00. This error was made by the Tax Assessor Collector's office and the Ideal Baking Company was in no way at fault. Consequently, the tax was figured on the value as was shown totalled on the sheet and the Tax Roll was made accordingly. The Tax Receipts were typed from the roll and the Ideal Baking Company paid its tax on the ___ day of October, 1939. Four months later, after the report had been made to the State Comptroller as the law required, the Ideal Baking Company inquired about the increase in the amount of its tax over the previous year. This inquiry came as a result of the bookkeeper for the bakery comparing the 1938 tax receipt with the 1939 tax receipt issued to the bakery. Investigation as the result of his inquiry revealed that we had made the error in totaling the rendition sheet."

The contention and argument of the tax official in question here is contained in the following quotation from his brief:

"Question #1--- Is there any law to prevent the Comptroller's Office from allowing this office (Tax Assessor-Collector's Office of Paris, Texas) to refund the amount of the State Tax due the Ideal Baking Company and take credit for that amount on some current report? (We have not yet made our annual settlement which is to be made July 1, 1940) Since there is a law to prohibit refunding money after it has been paid into the State Treasury, this plan would satisfy the bakery and no money would be taken out of the treasury either. In making reports, I have taken credit and given credit in order to cor-

Honorable George H. Sheppard, Page 3

rect errors that have occurred.  I can see
no difference in this case and many others
that have occurred.

"Question #2---- If it is not possible to
make refund as suggested in the above ques-
tion, what recourse, other than an act of the
legislature, does the Ideal Baking Company
have in this case."

This precise question has been heretofore answered
and conclusively determined by opinions of this department.
We refer to Opinion of date March 25, 1937, by Honorable
J. H. Broadhurst, Assistant Attorney General, and Opinion
No. O-1044, both directed to you, and Opinion No. O-1749
to Honorable Marvin H. Brown, Jr., Criminal District Attor-
ney, Ft. Worth, Texas.  We enclose copies of the last two
opinions referred to, which, together with the opinion first
mentioned, copies of which you have, should be forwarded to
the tax official requesting the instant opinion.

Although the above described opinions establish, in
general terms, the proposition that taxes, erroneously but
voluntarily, either through mistake of law or fact, paid
into the General Fund of the State Treasury, may not be re-
funded, we think that under the facts involved and the lan-
guage used, it was our intent to hold that such refund could
not be accomplished, either by direct payment to the tax
payer out of funds in the Treasury, or, indirectly, by your
authorizing the Tax Assessor-Collector, in his reports to
the State, to take credit for refunds made by that official
to the complaining tax payer.

It is admitted on all sides that State ad valorem
taxes which have passed into the proper fund of the State
Treasury cannot be refunded by any official to the tax payer,
but an act of the Legislature is required to consummate this
purpose.  But the point is made here that no funds or moneys
are sought to be taken out of the State Treasury for tax re-
fund purposes, but the Tax Assessor-Collector will merely
make the refund to the Ideal Baking Company of taxes errone-
ously paid, and take credit for or deduct the amount of such
refund from his subsequent report and payment to the Comp-
troller, on annual settlement for taxes subsequently collected
from other persons and properties.

To countenance the procedure outlined here for effect-
ing this refund to the Ideal Baking Company, would be tanta-

Honorable George H. Sheppard, Page 4

mount to you and the Tax Assessor-Collector of Lamar County
making an appropriation contrary to the Constitution and
Statutes. It would be doing by indirection that which ad-
mittedly cannot be done directly under the Constitution.
The Broadhurst opinion and the other opinions of this de-
partment, hereinabove referred to, foreclose this question,
and, despite the recognized hardship and apparent inequity
of the rule, when applied to the instant case, we feel that
the unquestioned law stated in these opinions should not be
departed from. Except for Legislative Act, we know of no
recourse this tax payer would have to recoup his loss. How-
ever, we are not passing upon the constitutionality of any
such contemplated Act.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Pat M. Neff, Jr.
Assistant

PMN:RS

APPROVED APR 1, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN